IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FRANK FREDA<br><br>    Plaintiff,<br><br>v.<br><br>WE SERVE PEOPLE, LLC<br>D/B/A URBAN CANNIBALS<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

**COMES NOW**, Plaintiff Frank Freda ("Freda" or "Plaintiff") by and through undersigned counsel, file this Complaint against Defendant We Serve People, LLC d/b/a Urban Cannibals ("Urban Cannibals" or "Defendant") and shows the following:

**I.    Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

## III.   Parties and Facts

4.

Plaintiff is a resident of the State of Georgia.

5.

Defendant Urban Cannibal is a Georgia Limited Liability Company and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

6.

Defendant has a principal office address of 940 Greenwood Avenue, Atlanta, GA, 30306. Defendant may be served with process by delivering a copy of the summons and complaint to Jon A. Gottlieb, 800 Johnson Ferry Road, Fulton County, Atlanta, GA, 30342.

7.

From November 17, 2015 to April 27, 2016, Plaintiff Freda was employed as a cook by Defendant.

8.

Within the last two years, Plaintiff has worked at Defendant's restaurant.

9.

Throughout Plaintiff's employment with Defendant, Plaintiff regularly worked 60-70 hours per workweek, and was paid for significantly fewer work hours. For example, in numerous weeks in which Plaintiff worked 60-70 hours he was not paid time and a half of his regular hourly rate for the hours worked over 40 hours per week.

10.

In all instances in which Defendant failed to pay Plaintiff for overtime hours he worked at the restaurant, Defendant had full knowledge that Plaintiff worked

the hours he was not paid for. Plaintiff was assigned work schedules by Defendant's management that consisted of more than 40 hours each week, and was intentionally paid for substantially fewer hours each week.

11.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

12.

Throughout his employment with Defendant, Plaintiff's primary job duties was manual labor, specifically serving as a cook at Defendant's restaurant. Throughout Plaintiff's employment, he was paid on an hourly basis.

13.

Defendant is an "employer" within the definition of the FLSA, § 29 U.S.C. §203(d).

14.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §§ 204 and §207

## Count I

## Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

15.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

16.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of 40 hours in given workweeks.

17.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek.

18.

Defendant suffered and permitted Plaintiff to routinely work more than 40 hours per week without overtime compensation.

19.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

20.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

21.

Plaintiff was subject to the same unlawful policies of Defendant, i.e. Defendant's failure to pay Plaintiff for some of his hours worked over 40 in workweeks.

22.

Defendant's violations of the FLSA were willful and in bad faith.

23.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment against Defendant and award Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant willfully violated the FLSA;

(D) Grant Plaintiff leave to add additional claims or Parties if necessary; and

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

**BARRETT & FARAHANY**

/s/ TK Smith
Tequiero M. "TK" Smith
Georgia Bar No. 199325
Attorney for Plaintiffs

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
tksmith@justiceatwork.com